# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SHIVA STEIN and KEVIN McCARTY, Derivatively on Behalf of RCI HOSPITALITY HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NOUR-DEAN ANAKAR, YURA BARABASH, STEVEN L. JENKINS, ERIC LANGAN, LUKE LIROT, PHILLIP K. MARSHALL, ELAINE J. MARTIN, ALLAN PRIAULX, and TRAVIS REESE, <br><br> Defendants, <br><br> – and – <br><br> RCI HOSPITALITY HOLDINGS, INC, a Texas corporation, <br><br> Nominal Defendant. | Civil Action No. 4:22-CV-01310 <br><br> **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

This matter came before the Court on the parties' ("Settling Parties")[1] Stipulation and Agreement of Settlement (the "Stipulation"), dated October 10, 2023, requesting that the Court enter an order: (i) preliminarily approving the terms and conditions of the proposed settlement ("Settlement") as set forth in the Stipulation; (ii) directing that Notice of Proposed Derivative Settlement and of Settlement Hearing ("Notice") be provided to Current RCI Shareholders[2]; (iii) and scheduling a Settlement Hearing to consider whether the Settlement, Fee and Expense Amount, and Plaintiff service awards should be finally approved.[3]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, which will resolve the claims in the above-captioned shareholder derivative action, brought on behalf of RCI;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for RCI and

---

[1] The Stipulation is made and entered into by and among the following Settling Parties (as defined herein), each by and through their respective counsel: (1) Shiva Stein ("Stein") and Kevin McCarty ("McCarty"), plaintiffs in the verified shareholder derivative action captioned *Stein v. Anakar, et al.*, Civil Action No.: 4:22-cv-01310 (S.D. TX.) (the "Litigation"); (2) Individual Defendants Nour-Dean Anakar, Yura Barabash, Steven L. Jenkins, Eric Langan, Luke Lirot, Phillip K. Marshall, and Travis Reese; and (3) nominal defendant RCI Hospitality Holdings, Inc. ("RCI"), (together with the Individual Defendants and Plaintiffs, the "Settling Parties"). The proposed Settlement also will resolve and release claims against Elaine J. Martin and Allan Priaulx, who were dismissed from the case by earlier Court order.

[2] "Current RCI Shareholders" means any Person who owns RCI common stock as of the date of the execution of this Stipulation and continues to hold their RCI common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the officers and directors of RCI, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

[3] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Current RCI Shareholders should be apprised of the Settlement through the Settling Parties' proposed form and means of notice; allowed to file objections, if any, thereto; and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

2. A hearing shall be held on _____, 2023 at ____ _.m., before the Honorable Alfred H. Bennett, Bob Casey United States Courthouse, 515 Rusk Avenue, Courtroom _____, Houston, Texas 77002 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice and Summary Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process; (iii) whether to enter the proposed Judgment in its entirety, as set forth in Exhibit E to the Stipulation; (iv) whether the agreed-to Fee and Expense Amount as well as the Service Awards should be approved; and (v) such other matters as the Court may deem appropriate.

3. The Court reserves the right to: (i) approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Current RCI Shareholders; (ii) continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to Current RCI Shareholders; and (iii) the right to conduct the Settlement Hearing remotely without further notice to Current RCI Shareholders.

4. The Court finds that the form, substance, and dissemination of information to Current RCI Shareholders regarding the proposed Settlement in the manner set out in this order ("Preliminary Approval Order") constitutes the best notice practicable under the circumstances and complies with the Federal Rules of Civil Procedure and all other applicable law and due process.

5. Within ten (10) business days after the entry of this Preliminary Approval Order, RCI shall: (1) post a copy of the Notice and the Stipulation, with its exhibits, on the Investor Relations page of the Company's website; (2) publish the Summary Notice in *Investor's Business Daily*; and (3) file with the SEC a Current Report on Form 8-K, or in a Form 10-Q or Form 10-K, attaching the Notice and the Stipulation (including exhibits). The Notice and Summary Notice shall provide a link to the Investor Relations page of RCI's website where the Notice and Stipulation with its exhibits may be viewed, which link shall be maintained through the date of the Settlement Hearing.

6. All costs incurred in the posting, filing, and publishing of the notice of the Settlement shall be paid by RCI, and RCI shall undertake all administrative responsibility for the posting, filing, and publishing of the notice of the Settlement.

7. Before the Settlement Hearing, Defendants' Counsel shall file with the Court a declaration confirming the effectuation of the notice program as provided for in this Preliminary Approval Order.

8. Pending final determination as to whether the Settlement should be approved, Plaintiffs and their Related Persons and Current RCI Shareholders and their Related Persons, and anyone who acts or purports to act on their behalf, are barred and enjoined from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief

from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (including a motion or complaint in intervention in any such action or proceeding if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Released Persons based on or relating in any way to the Released Claims.

9. Current RCI Shareholders who wish to object to the fairness, reasonableness or adequacy of the Settlement or to any term(s) of the Settlement must both serve on Plaintiffs' Counsel and Defendants' Counsel (as set out below) and file with the Court a statement of objection, which must be received by no later than _____, 2023 (which date shall be at least twenty-eight (28) calendar days before the date of the Settlement Hearing as initially set out in this Preliminary Approval Order).  Any Current RCI Shareholder may object on his, her or its own, or through counsel hired at his, her or its own expense.  Any Current RCI Shareholder's objection should set out the specific reasons, if any, for each objection, including any legal support the Current RCI Shareholder wishes to bring to the Court's attention and any evidence the Current RCI Shareholder wishes to introduce in support of such objections.  The statement of objection must include the caption of this action and the following information: (i) the Current RCI Shareholder's name, address, telephone number and e-mail address (if available); (ii) the number of shares of RCI stock the Current RCI Stockholder currently holds, together with third-party documentary evidence, such as the most recent account statement, showing such share ownership, and proof of being a current RCI shareholder as of October 10, 2023, through the present, (iii) if the objection is made by the Current RCI Shareholder's counsel, that counsel's name, address, telephone number and e-mail address; (iv) a statement of specific objections to the Settlement, the grounds therefor, or the reasons for such Person desiring to appear and be heard,

as well as all documents or writings such Person desires the Court to consider; (v) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their likely testimony; and (vi) a list – including dates, courts, case names and numbers, and disposition – of any other Settlements to which the individual or entity has objected during the previous seven (7) years.

10. Any attorney retained by a Current RCI Shareholder for the purpose of objecting must both serve on Plaintiffs' Counsel and Defendants' Counsel (as set out below) and file with the Court a notice of appearance, which must be received by no later than _____, 2023 (which date shall be at least twenty-eight (28) calendar days before the date of the Settlement Hearing as initially set out in this Preliminary Approval Order).

11. A Current RCI Shareholder who wishes to object to the proposed Settlement does not need to attend the Settlement Hearing. However, any Current RCI Shareholder who files and serves a timely written objection pursuant to this Preliminary Approval Order may appear at the Settlement Hearing either in person or through personal counsel retained at his, her or its own expense, subject to the requirements of paragraphs 9 and 10 of this Preliminary Approval Order. Unless otherwise ordered by the Court, no Person shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement or, if approved, the Order and Final Judgment to be entered thereon approving the same, unless that Person has complied with the provisions of paragraphs 9 and 10 of this Preliminary Approval Order.

12. Any submissions made pursuant to paragraphs 9 through 11 of this Preliminary Approval Order must be (i) sent or delivered to the following addresses:

    a. The Court:

       Clerk of Court
       U.S. District Court for the Southern District of Texas

        Bob Casey United States Courthouse
        515 Rusk Avenue
        P. O. Box 61010
        Houston, Texas 77002

b.   Plaintiffs' Counsel:

        Brett D. Stecker
        **SHUMAN, GLENN & STECKER**
        326 W. Lancaster Avenue
        Ardmore, Pennsylvania 19003

c.   Nominal Defendants' Counsel:

        Jason S. Lewis
        **DLA PIPER LLP (US)**
        1900 N. Pearl Street, Suite 2200
        Dallas, Texas 75201

d.   Individual Defendants' Counsel:

        Chris Davis
        **GRAY REED**
        1601 Elm Street, Suite 4600
        Dallas, Texas 75201
        Telephone: (214) 954-4135

13.    Counsel for the Settling Parties are directed to promptly inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraphs 9 through 12 of this Preliminary Approval Order.

14.    Any Current RCI Shareholder who fails to comply with the requirements of this Preliminary Approval Order shall waive and forfeit any and all rights he, she or it may otherwise have to object and/or to appear separately at the Settlement Hearing. Current RCI Shareholders do not need to appear at the hearing or take any other action to indicate their approval of the Stipulation.

15. Any Current RCI Shareholder who submits an objection to the Stipulation shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

16. The Settling Parties shall file with the Court (and serve on each other) any papers they wish to submit in support of the proposed settlement as follows:

    a. Any motions for final approval of the proposed Settlement must be filed and served at least thirty-five (35) days before the date of the Settlement Hearing as initially set by the Court in this Preliminary Approval Order; and

    b. Any papers in response to objections must be filed and served at least fourteen (14) days before the date of the Settlement Hearing as initially set by the Court in this Preliminary Approval Order.

17. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

18. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Current RCI Shareholders.

19. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Settling Parties or Released Persons, or of the validity or infirmity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or

received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

20. The Court reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Current RCI Shareholders. Any Current RCI Shareholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investors Relations page of RCI's website for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current RCI Shareholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement, except as to those matters specifically referred to the Mediator in the Stipulation.

IT IS SO ORDERED.

DATED: _____

HONORABLE ALFRED H. BENNETT