United States District Court
Southern District of Texas
**ENTERED**
July 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHIVA STEIN and KEVIN McCARTY, Derivatively on Behalf of RCI HOSPITALITY HOLDINGS, INC., <br><br>Plaintiffs,<br><br>vs.<br><br>NOUR-DEAN ANAKAR, YURA BARABASH, STEVEN L. JENKINS, ERIC LANGAN, LUKE LIROT, PHILLIP K. MARSHALL, ELAINE J. MARTIN, ALLAN PRIAULX, and TRAVIS REESE,<br><br>Defendants,<br><br>– and –<br><br>RCI HOSPITALITY HOLDINGS, INC, a Texas corporation,<br><br>Nominal Defendant. | Civil Action No. 4:22-CV-01310<br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to the Preliminary Approval Order of this Court, dated May 13, 2024 ("Order"), on the motion of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), dated October 10, 2023.

The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Being fully advised of the premises and finding that good cause exists, the Court enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of this case, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. Based on evidence submitted, the Court finds that notice was published and disseminated in accordance with this Court's Preliminary Approval Order. This Court further finds that the forms and contents of the Notice and Summary Notice, as previously preliminary approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1, satisfied the requirements of due process of the United States Constitution, and constituted due and sufficient notice of the matters set forth therein.

4. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. Pursuant to entry of this Judgment, the Action and all claims contained therein against Defendants, as well as all of the Released Claims against each of the Defendants and their Related Persons, are hereby dismissed with prejudice. As among the Plaintiffs and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation. For purposes of this paragraph, "Defendants" also includes Elaine J. Martin and Allan Priaulx, who were dismissed by earlier order of the Court.

- 3 -

6.     Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasing Persons from all claims, sanctions, actions, liabilities, or damages arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Released Claims.  The foregoing release shall include a release of Unknown Claims.

7.     Upon the Effective Date, RCI, Plaintiffs (on behalf of themselves and derivatively on behalf of RCI), and all other Releasing Persons (derivatively on behalf of RCI) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons from the Released Claims.  The Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from initiating, instituting, commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Persons.  Upon the Effective Date, the Releasing Persons shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal, or foreign law, or principle of common law, which may have the effect of limiting the foregoing release.  The foregoing release shall include a release of Unknown Claims.

8.     Nothing in the Stipulation or this Judgment shall provide a release of any claims to enforce this Stipulation, the Settlement, or the Judgment or bar any action by any Settling Party to enforce the terms of the Stipulation, the Settlement, or the Judgment.  In addition, nothing in the Stipulation is intended to release any rights to indemnification, insurance coverage, or advancement of expenses that any Released Person has or may have under any insurance policy,

contract, bylaw, or charter provision, or under Texas law, including, but not limited to, any rights any Released Person has or may have related to any pending or threatened civil or government proceedings.

9. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules, laws, or statutes.

10. The Court hereby approves the Fee and Expense Amount and Service Awards and finds that such awards are fair and reasonable.

11. Neither the Stipulation (including any Exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, (i) a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs, or (ii) the validity, or lack thereof, of any claim that has been or could have been asserted or raised in the Derivative Action or in any other litigation, (iii) the deficiency or infirmity of any defense that has been or could have been asserted or raised in the Derivative Action or in any other litigation or (iv) any fault, wrongdoing, negligence, or liability of any of the Released Persons; (b) shall not be offered, received, or used in any way (i) against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or (ii) against Plaintiffs as evidence of any infirmity in their claims; and (c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault,

negligence, omission, or wrongdoing, or in any way referred to for any other reason as against the Released Persons in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

13. This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58 and all other similar laws.

14. The Court hereby awards Plaintiffs' Counsel $1,200,000.00 in attorneys' fees and expenses to be paid by Defendants' D&O insurers, according to the terms of the Stipulation of Settlement.

15. The Court hereby awards Service Awards to Plaintiffs Shiva Stein and Kevin McCarty in the amount of $4,500.00 each, which are to be paid out of the Fee and Expense Amount.

IT IS SO ORDERED.

DATED: JUL 2 9 2024

_____
HONORABLE ALFRED BENNETT